UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DENNIS SPENCER,

                Plaintiff,                              Case No. 19-10898

v.                                                      Honorable Thomas L. Ludington

USAA CASUALTY INSURANCE
COMPANY,

                Defendant.

_____/

**ORDER DENYING PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S ORDER REGARDING BILL OF COSTS**

On January 23, 2019, Plaintiff filed suit against Defendant, USAA Casualty Insurance Company alleging breach of contract and a violation of Michigan's uniform trade practices act in Saginaw County Circuit Court. ECF No. 1-2. The case was removed on March 27, 2019. ECF No. 1. On October 28, 2019 Defendant filed a motion to compel discovery alleging that Plaintiff's responses to discovery were over a month late. ECF No. 10. Plaintiff did not respond to the motion and after oral argument, Magistrate Judge Morris granted Defendant's motion to compel. ECF No. 14. She also assessed sanctions in the form of attorney fees. *Id.*

On December 9, 2019, Defendant filed a bill of costs – including $133.41 in mileage, $1,040 for the attorney's appearance at the hearing (including drive time from Troy to Bay City Michigan), and $1,326 in costs for drafting and revision of the motion, joint statement of unresolved issues, and preparing for the hearing. ECF No. 15. Plaintiff objected to the bill of costs and Defendant replied. ECF Nos. 17, 19. Judge Morris entered her order upholding Defendant's bill of costs on January 3, 2020. ECF No. 20. On January 17, 2020, Plaintiff filed an objection to

Judge Morris' order regarding the bill of costs. ECF No. 21. Defendant timely responded to Plaintiff's objection and also filed a separate motion for contempt. ECF Nos. 22, 23.

**I.**

The decision and order of a non-dispositive motion by a magistrate judge will be upheld unless it is clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *Massey v. City of Ferndale*, 7 F.3d 506, 509 (6th Cir. 1993). A district judge shall consider such objections and may modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a). "The 'clearly erroneous' standard applies only to the magistrate judge's factual findings; legal conclusions are reviewed under the plenary 'contrary to law' standard. . . . Therefore, [the reviewing court] must exercise independent judgment with respect to the magistrate judge's conclusions of law." *Haworth, Inc. v. Herman Miller, Inc.*, 162 F.R.D. 289, 291 (W.D. Mich. 1995) (citing *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992)). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Kubik v. Central Mich. Univ. Bd. of Trs.*, 2016 WL 4425174 at *1 (E.D. Mich. Aug. 22, 2016) (quoting *Ford Motor Co. v. United States*, 2009 WL 2922875, at *1 (E.D. Mich. Sept. 9, 2009)).

Federal Rule of Civil Procedure 37(a) provides that

> (a) Motion for an Order Compelling Disclosure or Discovery.
> (1) *In General.* On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.
>
> . . .
>
> (5) Payment of Expenses; Protective Orders.
> (A) *If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing).* If the motion is granted--or if the disclosure or requested discovery is provided after the motion was filed--the court must, after giving an opportunity to be heard,

require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
(ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
(iii) other circumstances make an award of expenses unjust.

**II.**

Plaintiff objects to Magistrate Judge Morris' Order granting Defendant's requested bill of costs. ECF No. 21. He first objects that the order is contrary to law because he alleges "the Court misinterpreted [FRCP 37(a)(5)] as being mandatory and without exception." ECF No. 21 at PageID.186. He also argues the award was clearly erroneous "in light of Plaintiff's actions, financial situation and the amount of expenses requested and allowed. Further, the order runs contrary to the purpose of the rule allowing expenses to be awarded and ignores the rationale behind the rule." *Id.* at PageID.188. Both of Plaintiff's arguments (except that the amount of expenses requested was clearly erroneous) focus on whether Defendant is eligible to receive the bill of costs award. However, Plaintiff is not objecting to Judge Morris' order awarding sanctions in the form of attorney fees to Defendant (ECF No. 14). He objected to Judge Morris' order granting the $2,499.41 in fees and costs (ECF No. 20). Accordingly, Plaintiff's arguments that he it is "unjust" to award attorney fees because he is "unsophisticated," "technologically challenged," and "of limited financial means" will not be addressed. ECF No. 21.

Plaintiff spends minimal time arguing that Judge Morris' granting of the bill of costs was clearly erroneous. He explains that "the amount of expenses requested and allowed" was clearly erroneous and he states that "if this Court believes sanctions to be appropriate, Plaintiff requests the amount of those sanctions be modified to a more appropriate amount. Plaintiff suggests

$500.00." ECF No. 21 at PageID.192. However, Plaintiff does not explain what is clearly erroneous about the $2,499.41 in fees and costs that Judge Morris granted. He also does not provide any basis for the $500.00 in fees he believes to be more appropriate. Plaintiff has failed to demonstrate that Judge Morris' award of Defendant's bill of costs of $2,499.41 was contrary to law or clearly erroneous.

### III.

Accordingly, **IT IS ORDERED** that Plaintiff's Objections to Judge Morris' Bill of Costs, ECF No. 21, is **DENIED**.


Dated: March 10, 2020                                             s/Thomas L. Ludington
                                                                  THOMAS L. LUDINGTON
                                                                  United States District Judge