UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DENNIS SPENCER,

        Plaintiff,                        Case No. 19-10898

v.                                              Honorable Thomas L. Ludington

USAA CASUALTY INSURANCE
COMPANY,

        Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION FOR CONTEMPT**

On January 23, 2019, Plaintiff filed suit against Defendant, USAA Casualty Insurance Company alleging breach of contract and violation of Michigan's uniform trade practices act in Saginaw County Circuit Court. ECF No. 1-2. The case was removed on March 27, 2019. ECF No. 1. On October 28, 2019 Defendant filed a motion to compel discovery alleging that Plaintiff's responses to discovery were over a month late. ECF No. 10. Plaintiff did not respond to the motion and after oral argument Magistrate Judge Morris granted Defendant's motion to compel. ECF No. 14. She also assessed sanctions in the form of attorney fees. *Id.* Defendant subsequently filed a bill of costs, which Magistrate Judge Morris granted over Plaintiff's objections. ECF Nos. 15, 17, 19, 20. Plaintiff's objections to the bill of costs were denied. ECF No. 26.

On January 31, 2020, Defendant filed a motion for contempt. ECF No. 23.

**I.**

Federal Rule of Civil Procedure 11 provides, in part

(b) By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.
>
> (c) Sanctions.
> > (1) If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation. Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee.

"The power to punish for contempts is inherent in all courts." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991) (quoting *Ex parte Robinson*, 19 Wall. 505, 510 (1873)). "Broadly the purpose of civil contempt is to coerce an individual to perform an act or to compensate an injured complainant." *U.S. v. Bayshore Associates, Inc.*, 934 F.2d 1391, 1400 (6th Cir. 1991). To demonstrate civil contempt, the Sixth Circuit has explained a party must show the opposing party "violated a definite and specific order of the court requiring [them] to perform or refrain from performing a particular act or acts with knowledge of the court's order" by clear and convincing evidence." *Rolex Watch U.S.A., Inc. v. Crowley*, 74 F.3d 716, 720 (6th Cir. 1996) (quoting *N.L.R.B. v. Cincinnati Bronze, Inc.*, 829 F.2d 585, 591 (6th Cir. 1987)). The "intent of a party to disobey a court order is 'irrelevant to the validity of [a] contempt finding." *Id.* (quoting *In re Jaques*, 761 F.2d 302, 306 (6th Cir. 1985)).

**II.**

In this case, Plaintiff repeatedly failed to respond or fully respond to Defendant's discovery requests. ECF No. 23 at PageID.222. In response to Plaintiff's conduct, Magistrate Judge Morris ordered Plaintiff to "fully answer all requests referred to in the joint statement of unresolved issues within two weeks of [the] Order." ECF No. 14 at PageID.108. Magistrate Judge Morris also found that Defendant's bill of costs was reasonable and ordered Plaintiff to pay $2,499.41 to Defendant. ECF No. 20.

The purpose of civil contempt is to "coerce an individual to perform an act or to compensate an injured complainant." *U.S. v. Bayshore Associates, Inc.*, 934 F.2d 1391, 1400 (6th Cir. 1991). Defendant relies almost exclusively on Plaintiff's delayed discovery responses in its motion for contempt—with the additional fact that Plaintiff has not paid fees and costs to Defendant while he awaited resolution of his objection. Defendant also argues that Plaintiff should be held in civil contempt because he is delinquent in responding to Defendant's second request for production of documents and interrogatories. However, Defendant has not filed a second motion to compel to date. Plaintiff's delayed response to the first set of discovery requests was addressed in Magistrate Judge Morris' order regarding Defendant's motion to compel and Plaintiff was ordered to compensate Defendant. As directed by Magistrate Judge Morris, Plaintiff has completed his discovery obligations as to the first set of interrogatories and request for production of documents. As such, this Court has reason to believe that Plaintiff will comply with Magistrate Judge Morris' order directing payment to Defendant. At this time Defendant has not shown that Plaintiff should be held in civil contempt.

**III.**

Accordingly, **IT IS ORDERED** that Defendant's Motion for Contempt, ECF No. 23, is **DENIED**.

It is further **ORDERED** that Plaintiff is **DIRECTED** to pay Defendant $2,499.41.

It is further **ORDERED** that Plaintiff is **DIRECTED** to file a proof of payment with the Court on or before **March 18, 2020**.

It is further **ORDERED** that the oral argument for Defendant's motion for sanctions, ECF No. 23 and Plaintiff's objections, ECF No. 21, scheduled on March 17, 2020 is **CANCELLED**.

Dated: March 11, 2020
s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge